IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SERGEIY LON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> INTELIQUENT, INC., et al., <br><br> Defendants. | Case No. 1:16-cv-11244 <br> Case No. 1:16-cv-11392 <br> Case No. 1:16-cv-11494 <br><br> Judge: Charles R. Norgle <br><br> Mag. Judge: Susan E. Cox |

### STIPULATION AND [PROPOSED] ORDER
### VOLUNTARILY DISMISSING THE ACTION

WHEREAS, on November 2, 2016, Inteliquent, Inc. ("Inteliquent" or the "Company") entered into a merger agreement (the "Merger Agreement") to be acquired by Onvoy, LLC ("Onvoy" or "Parent") and Onvoy Igloo Merger Sub, Inc. ("Merger Sub") (the "Transaction").

WHEREAS, on December 9, 2016, Sergeiy Lon ("Lon") filed a complaint captioned *Lon v. Inteliquent, Inc. et al*, 1:26-cv-11244 (the "Lon Action"), a purported class action under the Private Securities Litigation Reform Act of 1995 (the "PSLRA") alleging violations of the federal securities laws;

WHEREAS, on December 14, 2016, the Company filed its Definitive Proxy Statement (the "Proxy Statement") with the Securities and Exchange Commission ("SEC") in support of the Transaction;

WHEREAS, on December 15, 2016, Allen Wiesenfeld ("Wiesenfeld") filed a complaint captioned *Wiesenfeld v. Inteliquent, Inc. et al*, 1:16-cv-11392 (the "Wiesenfeld Action"), a purported class under the PSLRA alleging violations of the federal securities laws;

WHEREAS, on December 20, 2016, David Schwartz ("Schwartz," collectively with Lon and Weisenfeld, "Plaintiffs") filed a complaint captioned *Schwartz v. Inteliquent, Inc., et al*, 1:16-cv-11494 (the "Schwartz Action") (collectively, with the Lon Action and the Wiesenfeld Action, the "Actions"), a purported class action under the PSLRA alleging violations of federal securities laws;

WHEREAS, the Actions assert claims for violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9") promulgated thereunder by causing the allegedly materially incomplete and misleading Proxy Statement to be filed;

WHEREAS, on January 5, 2017, the Actions were consolidated into one case (the "Action");

WHEREAS, on January 6, 2017, Inteliquent filed supplemental disclosures to the Proxy Statement with the SEC on Form 8-K (the "Supplemental Disclosures") which Plaintiffs believe mooted certain claims asserted in the Action;

WHEREAS, on January 17, 2017, a majority of outstanding shareholders voted to approve the Transaction;

WHEREAS, on February 10, 2017, the Transaction was consummated and the Merger Sub merged with and into the Company, with the Company surviving the merger as a direct wholly owned subsidiary of the Parent;

WHEREAS, based upon their review and analysis of the Proxy Statement and the Supplemental Disclosures, among other things, Plaintiffs have determined to dismiss the Action as moot;

WHEREAS, Plaintiffs assert that the prosecution of the Action caused the Company to file the Supplemental Disclosures and that Plaintiffs' counsel may assert a claim for attorneys'

- 2 -

fees and expenses in connection with the common benefit provided to Inteliquent's stockholders as a result of the filing of the Supplemental Disclosures (the "Mootness Fee Claim"). If the parties cannot resolve Plaintiffs' Mootness Fee Claim, Plaintiffs intend to apply to the Court for a determination as to the amount of that claim;

WHEREAS, all of the Defendants in the Action reserve all rights, arguments and defenses, including the right to oppose the Mootness Fee Claim;

WHEREAS, for the avoidance of doubt, no compensation in any form has passed directly or indirectly to Plaintiffs or attorneys and no promise, understanding, or agreement to give any such compensation has been made, nor have the parties had any discussions concerning the amount of any mootness fee;

WHEREAS, Defendants do not admit that the Supplemental Disclosures contained any additional material facts that were required to be disclosed, and Defendants have denied and continue to deny any wrongdoing and contend that no claim asserted in the Action is meritorious;

WHEREAS, no class has been certified in the Action.

NOW, THEREFORE, upon consent of the parties and subject to the approval of the Court:

1. The Action is dismissed, and all claims asserted therein are dismissed with prejudice as to Plaintiffs only. All claims on behalf of the putative class are dismissed without prejudice.

2. Because the dismissal is with prejudice as to Plaintiff only, and not on behalf of a putative class, notice of this dismissal is not required.

Case: 1:16-cv-11244 Document #: 24 Filed: 02/27/17 Page 4 of 6 PageID #:361

3. The Court retains jurisdiction of the Action solely for the purpose of determining Plaintiffs' forthcoming Mootness Fee Claim, if that becomes necessary pending negotiations between the parties concerning the Mootness Fee Claim.

4. Plaintiffs shall file their Mootness Fee Claim within sixty (60) days of the entry of this Order.

5. This Order is entered without prejudice to any right, position, claim or defense any party may assert with respect to the Mootness Fee Claim, which includes the Defendants' right to oppose the Mootness Fee Claim.

6. To the extent that the parties are able to reach an agreement concerning Plaintiffs' Mootness Fee Claim, the parties will so notify the Court. Upon such notification, the Court will close the Action.

AGREED BY:

Dated: February 27, 2017

*/s/ Theodore B. Bell*
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC**
Theodore B. Bell
Carl V. Malmstrom
70 W. Madison St., Suite 1400
Chicago, IL 60602
Tel: (312) 984-0000
tbell@whafh.com
malmstrom@whafh.com

*Attorneys for All Plaintiffs*

        */s/ Brian D. Long* (by permission)
        Brian D. Long
        Gina M. Serra
        **RIGRODSKY & LONG, P.A.**
        2 Righter Parkway, Suite 120
        Wilmington, DE 19803
        Tel: (302) 295-5310
        Fax: (302) 654-7530
        bdl@rl-legal.com
        gms@rl-legal.com

        *Attorneys for Plaintiff Sergeiy Lon*

        */s/ Richard A. Acocelli* (by permission)
        Richard A. Acocelli
        Michael A. Rogovin
        Kelly C. Keenan
        Seth M. Rosenstein
        **WEISSLAW LLP**
        1500 Broadway, 16th Floor
        New York, New York 10036
        Tel: (212) 682-3025
        Fax: (212) 682 3010
        racocelli@weisslawllp.con
        mrogovin@weisslawllp.com
        kkeenan@weisslawllp.com
        srosenstein@weisslawllp.com

        *Attorneys for Plaintiff Allen Wiesenfeld*

        */s/ Shane T. Rowley* (by permission)
        Shane T. Rowley
        **LEVI & KORSINSKY, LLP**
        30 Broad Street, 24th Floor
        New York, New York 10004
        Tel: (212) 363-7500
        Fax: (212) 363-7171
        srowley@zlk.com

        *Attorney for Plaintiff David Schwartz*

/s/ *John F. Hartman* (by permission)
John F. Hartmann
Benjamin O'Connor
**KIRKLAND & ELLIS LLP**
300 North LaSalle Street
Chicago, IL 60654
Tel: (312) 862-2215

*Attorneys for Inteliquent, Inc. and the Individual Defendants*

/s/ *Samuel B. Isaacson* (by permission)
Samuel B. Isaacson
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Tel: (312) 876-7700

*Attorneys for GTCR LLC, Onvoy Igloo Merger Sub. Inc., and Onvoy, LLC*

SO ORDERED this __28__ day of __FEB__, 2017

_____
The Honorable Charles R. Norgle
Judge, United States District Court
Northern District of Illinois